HUNTER v. MOORE.

1. CASES CRITICISED—SUPREME COURT—PROHIBITION.—This court adheres to its ruling in State *ex rel.* Richland County *v.* City Council of Columbia, 16 S. C., 412, and 17 *Id.*, 80, that this court has no original jurisdiction to issue a writ of prohibition, except in the exercise of a supervisory control over the court to which it is directed; but a town council is not one of these "other courts in the State," within the meaning of art. IV., sec. 4, of the Constitution, and certainly is not such a court when engaged in the issue of municipal bonds.

2. PROHIBITION—CHANGE OF PROCEEDING.—A petition to this court for a writ *of prohibition cannot be converted at the hearing into an application for injunction.*

3. IBID.—IBID.—Petition for a writ of prohibition dismissed without prejudice.

Original application to this court by John J. Hunter, a citizen and taxpayer of Yorkville, against Walter B. Moore, intendant, and the wardens of the town of Yorkville, praying a writ of prohibition to prevent the town council of Yorkville from issuing $16,000 of municipal bonds, to provide a water supply for the town of Yorkville. Rule to show cause was issued and return made.

*Messrs. C. E. Spencer, Hart & Hart, T. F. McDow,* and *Richard W. Hutson,* for petitioner.

*Messrs. W. B. McCaw* and *D. E. Finley,* contra.

June 29, 1893.   The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.   This is a petition, addressed to this court in the exercise of its original jurisdiction, praying that this court will issue its writ of prohibition restraining and prohibiting the town council of Yorkville from issuing its bonds, upon certain grounds set forth in the petition.

In the outset, we are confronted with a question of jurisdiction, and, under the view which we take of that question, it becomes not only unnecessary, but improper, for us to consider or determine any question involving the merits.   If this court, in the exercise of its original jurisdiction, has no authority to issue a writ of prohibition in a case like this, then, clearly, it would be a usurpation of power on the part of this court to undertake to do so; and this the court, one of whose functions it is to keep all subordinate tribunals within the limits of the jurisdiction assigned to them by the Constitution and laws, would be very far from willing to undertake.

This question of jurisdiction has been twice maturely considered in the comparatively recent case of *The State ex relatione Richland County* v. *The City Council of Columbia,* 16 S. C., 412, and again in the same case, reported in 17 S. C., 80, where a rehearing was allowed solely for the purpose of enabling counsel to discuss the question of jurisdiction, which had not been raised or argued at the original hearing. It was there conclusively determined that the Supreme Court, in the exercise of its original jurisdiction, has no authority to issue a writ of prohibition, unless it is directed to one of the courts of the State, for the purpose of enabling the Supreme Court to exercise a supervisory control over the court to which it is directed.   In view of the full discussion of this question in the two opinions rendered in the case above referred to, we do not deem it necessary to undertake to add anything to what is there said; but are content to rest our conclusion here upon the reasoning employed and the authorities cited in those two opinions.   So that the only remaining question in this case is, whether the writ of prohibition asked for here is to be directed to one of the courts of the State for the purpose of keeping it within the limits of its jurisdiction. . It seems to us too clear

for argument that the town council of Yorkville is not one of the courts of the State referred to in section 4 of article IV. of the Constitution, though invested, it may be, with certain judicial powers for certain prescribed purposes; and even if it could be regarded as *a court* when exercising such powers, it most assuredly could not be regarded as acting as *a court* in authorizing the issue of the bonds here in question. See what is said in the case above cited, in 17 S. C., at page 82.

This question of jurisdiction, though not raised here, was brought to the attention of counsel on the argument here, but without arguing it, the counsel for petitioner suggested that this court might treat the petition as an application for injunction and not for a writ of prohibition. But by what authority this court could undertake to make such a radical alteration in the form of the proceeding which the parties saw fit to adopt and act upon, we are at a loss to conceive. Indeed, it might be open to serious question whether, even if a formal amendment had been applied for, an amendment changing entirely the nature of the proceeding, suggested at the close of the argument, could have been properly allowed under the provisions of section 194 of the Code. Besides, in view of the admonition of the danger of confounding two distinct modes of proceeding from a desire to do, what is supposed to be justice in a particular case, contained in *Leonard's Case*, 3 Rich., 113, this court would be slow to adopt such a course.

It seems to us clear, therefore, that, under any view of the case, this court has no jurisdiction to issue the writ of prohibition prayed for; and for that reason only, without considering or intimating any opinion as to the merits, the petition must be dismissed.

The judgment of this court is, that the petition be dismissed for want of jurisdiction, without prejudice to the right of the petitioner to institute such other proceeding as he may be advised as appropriate to the relief which he seeks.