# Richmond.

## BEE HIVE MINING COMPANY, ET AL. V. INDUSTRIAL COMMISSION OF VIRGINIA.

### March 18, 1926.

1. WORKMEN'S COMPENSATION ACT—*Industrial Commission—Requiring Employer or the Insurance Company to Pay Physician.*—The Industrial Commission has no power to require an employer or its insurance carrier to pay a money award to a physician furnished by them or either of them to an injured employee. Whatever control the commission has over fees of physicians, it gets from section sixty-five of the Workmen's Compensation Act (Code of 1924, section 1887 [65] ) and that section does not confer on the industrial commission such power.

2. WORKMEN'S COMPENSATION ACT—*Fees of Attorneys and Physicians—Section 1887 (65) of the Code of 1924.*—Section Sixty-five of the Workmen's Compensation Act (Code of 1924, section 1887 [65]) was intended to give the Industrial Commission the power to pass on attorneys' fees and physicians' charges when rendered—in other words, it was the intent of the act not to allow an attorney or a physician to overcharge for their services. There is nothing in this section that could be construed to give authority to the Industrial Commission to make a money award against an employer and insurance carrier and in favor of a physician, who, at their request, had rendered services to an injured employee.

3. WORKMEN'S COMPENSATION ACT—*Fees of Physicians.*—If, in accordance with the provisions of the Workmen's Compensation Law, the employer or its insurance carrier had ordered the services of a physician, and refused to pay for them, the physician would have a right to maintain an action at law, but the Industrial Commission has no authority under the law to require the employer or its insurance carrier to pay a physician ordered by them.

4. PROHIBITION, WRIT OF—*When Writ will Issue.*—The principle is well established, that a writ of prohibition may issue to restrain a quasi-judicial body from attempting to exceed its judicial powers, or attempting to usurp unauthorized judicial powers.

5. PROHIBITION, WRIT OF—*When Writ will Issue.*—A writ of prohibition will issue in a proper case to restrain any judicial act—any act that is not merely ministerial or discretionary.

Bee Hive Min. Co. *v.* Indus. Com., 144 Va. 240.    241

Opinion.

6. PROHIBITION—*Judicial Act.*—The issuing of an award or its certificate to another court is as much a judicial act as the entry of the judgment or the issuing of an execution in a common law court.

7. PROHIBITION—*Industrial Commission—Fees of Physicians.*—As the Industrial Commission was without jurisdiction to make an award requiring an employer or its insurance carrier to pay the fee of a physician furnished by them or either of them to an injured employee, a writ of prohibition will lie to prevent enforcement of the award, and the issuance of a certified copy of the award.

Petition for a writ of prohibition.

*Writ awarded.*

*S. L. Sinnott,* for the petitioners.

No appearance for the Industrial Commission.

PER CURIAM.

This is a petition for a writ of prohibition.

[1] Appellant contends that the Industrial Commission has no power to require an employer or its insurance carrier to pay a money award to a physician furnished by them, or either of them, to an injured employee. This the Industrial Commission undertook to do, as will appear from a reference to the case of *Bee Hive Mining Co. et al.* v. *Dr. Ford, ante,* p. 21, 131 S. E. 203. The appeal in this case was dismissed at the January term of this court because the amount involved was not sufficient to give this court jurisdiction.

The petition now before this court raises the question of the jurisdiction of the Industrial Commission to pass upon fees of physicans, under the circumstances above narrated, and we are asked to prohibit the Industrial Commission from issuing a certified copy of the award and from further proceeding in the matter.

Whatever control the Commission has over fees of physicians, it gets from section 65 of the Workmen's Compensation Act, which is as follows:

"Fees for attorneys and physicians and charges of

hospital for services under this act shall be subject to the approval of the Commission; but no physician shall be entitled to collect fees from an employer or insurance carrier until he has made the reports required by the Industrial Commission in connection with the case."

[2] We do not construe this section as conferring on the Industrial Commission the power to require the employer or its insurance carrier to pay a money award to a physician furnished by them, or either of them, to the injured employee. This section was intended, as we construe it, to give the Industrial Commission the power to pass on attorneys' fees and physicians' charges when rendered—in other words, it was the intent of the act not to allow an attorney or a physician to overcharge for their services. There is nothing in this section that could be construed to give authority to the Industrial Commission to make a money award against an employer and insurance carrier and in favor of a physician, who, at their request, had rendered services to an injured employee.

[3] Of course, if, in accordance with the provisions of the Workmen's Compensation Law, the employer or its insurance carrier had ordered the services of a physician and refused to pay for them, the physician would have a right to maintain an action at law, but the Industrial Commission has no authority under the law to require the employer or its insurance carrier to pay a physician ordered by them.

[4, 5] We think, therefore, that the Commission was without jurisdiction to make the award and that a writ of prohibition will lie to prevent enforcement of the award.

The principle is well established that a writ of prohibition may issue to restrain a *quasi judicial* body

from attempting to exceed its judicial powers, or attempting to usurp unauthorized judicial powers. The following authorities, among others, sustain this proposition: *Harriman* v. *Wald County Commissioners*, 53 Me. 83; *Connecticut River, &c. Co.* v. *Franklin County Commissioners*, 127 Mass. 50, 34 Am. Rep. 338; *Speed* v. *City of Detroit*, 98 Mich. 360, 22 L. R. A. ? 42, 39 Am. St. Rep. 555, 57 N. W. 406; *State* v. *Bright*, 123 S. W. 1057, 224 Mo. 514, 135 Am. St. Rep. 552, 20 Ann. Cas. 955; *People* v. *Transue*, 132 N. Y. Supp. 497, 74 Misc. Rep. 504; *Railroad Co.* v. *Love*, 29 Okl. 523, 118 Pac. 259; *Railroad Co.* v. *Commissioners*, 29 Okl. 534, 118 Pac. 253; *Ortman* v. *Frey*, 148 Mo. App. 271, 128 S. W. 253; *People* v. *Burdett*, 195 Ill. App. 255; *People* v. *Nixon*, 179 N. Y. Supp. 82, 109 Misc. Rep. 7; *State* v. *True*, 26 Wyo. 314, 184 Pac. 229.

"A public board acting in a *quasi judicial* character becomes an inferior tribunal amenable to the writ, wherever it exceeds its authority or exercises an authority which it does not possess." 32 Cyc. (Prohibition), 601.

A writ of prohibition will issue in a proper case to restrain any judicial act—any act that is not merely ministerial or discretionary.

[6] The issuing of an award or its certificate to another court is as much a judicial act as the entry of the judgment or the issuing of an execution in a common law court. It has been held that a writ of prohibition may issue to restrain a sheriff from levying an execution after the entry of a judgment.

[7] A writ of prohibition will, therefore, issue prohibiting the Industrial Commission of Virginia from further proceeding in the matter of the award of a fee to Dr. S. M. Ford, and particularly from issuing a certified copy of the award.

*Writ awarded.*