BUCKLER *v.* HILT ET AL.

[No. 26,445. Filed March 2, 1936.]

J. *Fred Masters,* for appellant.

*Oscar C. Hagemier* and *White, Wright & Boleman,* for appellees.

TREANOR, J.—Appellant, as plaintiff below, brought suit to enforce a lien for attorney's fees against a judgment which the appellant, as attorney for appellee Hilt, had caused to be entered in the Marion Circuit Court upon a compensation award made by the Industrial Board of Indiana. Appellant's right to a lien for attorney's fees was predicated upon a contract between himself and appellee Hilt, and specifically upon the provision that appellant was to receive as fees for his services in prosecuting Hilt's industrial compensation claim a sum equal to thirty-three and one-third (33⅓%) per cent of any amount so received "in compromise settlement, judgment or proceedings."

A demurrer to the complaint to enforce appellant's lien was sustained by the trial court. Upon refusal of the plaintiff to plead further judgment was rendered against him and he now prosecutes this appeal. The sole error assigned is the court's action in sustaining the demurrer. To decide this appeal we must consider the meaning and constitutionality of §65 of the Workmen's Compensation Act (§40-1516, Burns Ind. St. Ann. 1933, Acts 1929, ch. 172, §65, p. 536) which reads as follows:

"The fees of attorneys and physicians and charges of nurses and hospitals for services under this act shall be subject to the approval of the industrial board. When any claimant for compensation is represented by an attorney in the prosecution of his claim, the industrial board shall fix and state in the award, if compensation be awarded, the amount of the claimant's attorney's fees. The fee

so fixed shall be binding upon both the claimant and his attorney, and the employer shall pay to the attorney out of the award, the fee so fixed and the receipt of the attorney therefor shall fully acquit the employer for an equal portion of the award. The industrial board may withhold the approval of the fees of the attending physician in any case until he shall file a report with the industrial board on the 'form prescribed by such board."

Both the appellant and appellees assume, and we think correctly, that the purpose and necessary effect of the provisions of §65 are to limit attorney's fees in compensation cases to an amount to be fixed by the Industrial Board. And this obviously precludes the possibility of creating by contract a valid and enforceable claim for a sum of money equal to a designated per centum of an anticipated award. And since appellant and appellees agree that the correctness of the trial court's ruling upon the demurrer depends upon the constitutionality of §65, as above construed, it is not necessary to set out the complaint and demurrer thereto.

In support of his assignment of error appellant urges the unconstitutionality of §65 and insists that it is in conflict: (1) with the 14th Amendment to the Constitution of the United States[1] in that it denies a person liberty of contract and property without due process of law; (2) with §21 of Art. I of the Indiana Constitution[2] in that it would permit one's property or services to be taken without just compensation, and (3) with §23,

1. ". . . No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." §1, 14th Amend., Constitution of United States.

2. "No man's particular services shall be demanded, without just compensation. No man's property shall be taken by law, without just compensation; nor, except in case of the State, without such compensation first assessed and tendered." §21, Art. I, Indiana Constitution.

Art. I of the Indiana Constitution[3] in that restrictions are imposed upon the contracts of attorneys practicing before the Industrial Board which are not imposed upon the contracts of attorneys in all fields of practice.

Sections of workmen's compensation acts substantially the same as §65 of the Indiana act uniformly have been held constitutional. In referring to provisions of the Michigan compensation act making attorneys' and physicians' fees in accident claims subject to approval of the board and exempting such payments for compensation from attachment, and making them unassignable, the Supreme Court of that state said (p. 26) :

> ". . . These restrictions in the act, as applied to those who submit to its provision by election, certainly can not be held unconstitutional. They were deemed by the legislature proper and necessary to safeguard the interests of the class for whose benefit largely this act to 'promote the welfare of the people of the State' was passed; they are germane to the purpose of the act, and in light of conditions previously existing in litigation of personal injuries to workmen, of which courts of last resort have taken judicial notice in construing workmen's compensation acts, are beneficial and appropriate, if not essential, to an efficient administration of the law." *Mackin* v. *Detroit-Timken Axle Co.* (1915), 187 Mich. 8, 153 N. W. 49 (See also *Sarja* v. *Pittsburgh Steel Ore Co.* [1923], 154 Minn. 217, 191 N. W. 742; *Chapman* v. *Railway Fuel Co.* [1924], 212 Ala. 106, 101 So. 879; *Gritta's Case* [1922], 241 Mass. 525, 135 N. E. 874.)

And in upholding the constitutionality of such a section in the Nebraska act the Supreme Court of Nebraska commented, in part, as follows (p. 69) :

> "The question is as to whether the regulation is reasonable and is in the interest of the public welfare. If so, it does not conflict with the constitutional provisions. It is a matter of general knowl-

3. "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens." §23, Art. I, Indiana Constitution.

edge that a large percentage of the persons who come under the workmen's compensation act are not possessed of large means, but are dependent upon their earnings for the support of themselves and families. If the earning power of the breadwinner is destroyed or greatly impaired by an injury, he must look to the compensation provided by the statute for the support of himself and family, and, if this compensation may be depleted by an improvident or unreasonable contract for legal services, he and his dependents are likely to become public charges. It is in their interest, and the interest of the public as well, that they should be protected from contracts or charges for attorney's fees that are not reasonable. The statute does not fix an arbitrary charge, but leaves the amount to be determined and fixed by the judge. It will not be presumed that the judge will refuse to make a reasonable allowance or to approve a fair and just charge.

"We hold that the statute is a proper exercise of the police power of the state, and is not repugnant to the provisions of the federal Constitution, guaranteeing rights in property, due process of law, and equal protection of the law." *Dysart* v. *Yeiser* (1923), 110 Neb. 65, 192 N. W. 953.

The judgment of the Nebraska court in *Dysart* v. *Yeiser* was affirmed by the United States Supreme Court in an opinion from which we quote the following (p. 541):

". . . the case is brought here on a contention that the statute as·construed unreasonably restricts the liberty of contract and contravenes the Fourteenth Amendment by depriving the plaintiff in error of his liberty and property without due process of law. . . .

"But the question is specific, whether we can pronounce this law unreasonable, against the opinion of the legislature and the Supreme Court of the State. The Court adverts to the fact that a large proportion of those who come under the statute have to look to it in case of injury and need to be protected against improvident contracts, in the interest not only of themselves and their families but of the public. . . . When we add the considerations that an attorney practices under a license from the State and that the subject-matter is a right created

by statute, it is obvious that the State may attach such conditions to the license in respect of such matters as it believes to be necessary in order to make it a public good." *Yeiser* v. *Dysart* (1924), 267 U. S. 540, 45 S. Ct. 399, 69 L. Ed. 775.

In view of the holding the the United States Supreme Court in *Yeiser* v. *Dysart* we must conclude that §65 of our Workmen's Compensation Act does not violate §1 of the 14th Amendment to the Constitution of the United States.

This court has held that §21 of Art. I of the Constitution of Indiana applies only to the taking of private property under the power of eminent domain and, consequently, does not restrain the General Assembly in its exercise of the police power of the state. The legislation in question falls under the police power.

Appellant also insists that §65 violates §23, Art. I, of the Constitution of Indiana by imposing restrictions upon the contracts of attorneys practicing before the Industrial Board which are not imposed upon contracts of attorneys in all fields of practice. The act does not purport to create a special class of attorneys for Industrial Board practice but imposes the same restriction upon all attorneys under the same circumstances; and affects only one special kind of professional business. The special factual situation characteristic of this particular business justifies the restrictions of §65.[4]

We hold that §65, Acts 1929, ch. 172, p. 536 (§40-1516, Burns, etc., 1933, *supra*) is a proper exercise of the police power of the state and does not violate either the state or federal constitutions.

The Marion Circuit Court did not err in sustaining the demurrer to plaintiff's complaint.

Judgment affirmed.

4. See discussion in excerpts from the opinions in *Mackin* v. *Detroit-Timkin Axle Co.*, *supra*, and *Dysart* v. *Yeiser*, *supra*.