OPINION OF THE COURT
 

 Gabrielli, J.
 

 This appeal presents for our determination the issue of whether section 24 of the Workers’ Compensation Law, requiring that attorneys’ fees sought in connection with a claim arising under that law must be approved by the Workers’ Compensation Board, violates a claimant’s constitutional rights to due process or equal protection. We hold today that this reasonable regulation of the payment of attorneys’ fees, enacted for the protection of the claimant, suffers no such constitutional infirmity.
 

 Plaintiff’s claim for workers’ compensation benefits arose out of an injury she sustained on April 11, 1979, during the course of her employment. Proceeding
 
 pro se
 
 initially, plaintiff received an award of benefits covering the period from the injury until the hearing. No further payments were to be made, however, until claimant sub
 
 *309
 
 mitted a medical report justifying the receipt of further benefits. In January of 1980, plaintiff retained an attorney who requested the Workers’ Compensation Board to direct the compensation carrier to commence payments retroactive to the date of the hearing. On March 17, 1980, the carrier was ordered to make the payments retroactive to some three months prior to the hearing date at an increased rate of benefits.
 

 A second hearing was held on June 3, 1980, at which plaintiff’s attorney failed to appear. Following this hearing, the compensation carrier was ordered to pay plaintiff further benefits. The carrier has appealed that decision to the Workers’ Compensation Board and has suspended payments to plaintiff pending the outcome of the appeal. Plaintiff sought to engage a new attorney to represent her on this appeal and contacted an Ithaca attorney for this purpose. This attorney agreed to represent plaintiff, and, having estimated the time that would be involved in preparing for and attending the appeal, informed plaintiff that he would require a retainer of $300, to be deposited in his trust account pending the outcome of the case. Plaintiff agreed to this fee amount and procedure.
 

 Thereafter, plaintiff’s attorney filed a notice of substitution and appearance form with the Workers’ Compensation Board. He advised the board, in an accompanying letter, that plaintiff had agreed to deposit the sum of $300 with him, to be held in trust and applied to any fee subsequently approved by the board. The board then informed the attorney that the fee arrangement was not in accordance with board procedure and advised him to return plaintiff’s deposit and make application for his fee in the prescribed manner.
 

 Plaintiff then commenced the instant action, seeking a judgment declaring the fee restrictions unconstitutional because they effectively prevent her from retaining skilled legal counsel of her choice to pursue her compensation claim. Defendant’s motion for summary judgment dismissing the complaint was granted by Special Term. The Appellate Division modified the judgment, to the extent only of adding a provision declaring that section 24 of the Workers’ Compensation Law is constitutional.
 

 
 *310
 
 The challenged statute provides that no claim for legal services in connection with a claim arising under the Workers’ Compensation Law shall be enforceable unless approved by the Workers’ Compensation Board. If such a claim is approved, it becomes a lien upon the compensation awarded and upon any moneys ordered paid under an award into special funds, but is to be paid therefrom only in the manner fixed by the board. The statute also provides that receipt of fees except in an amount determined by the board is a misdemeanor (Workers’ Compensation Law, § 24). The rules of the Workers’ Compensation Board require that application for fee approval be made on a prescribed form, unless the fee requested is $300 or less, in which case oral application may be made (12 NYCRR 300.17 [c] [1]). In addition, the board is required, in passing on a fee request by an attorney whose client has received an award, to approve a fee “in an amount commensurate with the services rendered and having due regard for the financial status of the claimant” (12 NYCRR 300.17 [d]). Nothing contained in these rules operates to limit fee requests, as plaintiff has urged, to a maximum ceiling of $300.
 

 At the outset, we reject plaintiff’s arguments insofar as they are predicated upon the due process and equal protection guarantees contained in the Constitution of this State (NY Const, art I, §§ 6, 11). Any notion that these constitutional guarantees place limitations upon the legislative authority to enact laws concerning workers’ compensation
 
 is
 
 completely dispelled by another provision of the Constitution. Section 18 of article I, insofar as it is here relevant, provides that: “Nothing contained in this constitution shall be construed to limit the power of the legislature to enact laws for the protection of the lives, health, or safety of employees; or for the payment, either by employers, or by employers and employees or otherwise * * * of compensation for injuries to employees or for death of employees resulting from such injuries”. The statute challenged herein plainly falls within this constitutional provision. It is well recognized that section 18 of article I itself lays to rest all State constitutional attacks on the workers’ compensation laws falling within its scope
 
 (Koutrakos v Long
 
 
 *311
 

 Is. Coll. Hosp.,
 
 47 AD2d 500, 505, affd 39 NY2d 1026;
 
 Shanahan v Monarch Eng. Co.,
 
 219 NY 469;
 
 Matter of Schmidt v Wolf Contr. Co.,
 
 269 App Div 201, affd 295 NY 748). Accordingly, our analysis of plaintiff’s contentions rests solely upon the provisions of the Federal Constitution.
 

 Plaintiff urges that section 24, in limiting her ability to choose an attorney on her own terms, violates her constitutional right of privacy by interfering in the “fundamentally private relationship” between attorney and client. In support of her assertion that the statute is an unwarranted governmental interference with her choice of counsel, plaintiff relies upon the affidavits of four attorneys practicing in the Ithaca area. These attorneys state that they will not ordinarily represent claimants in workers’ compensation proceedings, because they are unable to negotiate their fee arrangements privately with the claimants and, in their experience, if fees are approved by the Workers’ Compensation Board at all, they are economically unrewarding. Plaintiff thus argues that the fee limitations effectively operate to preclude her from obtaining skilled legal counsel to pursue her compensation claim and therefore violate her right of privacy.
 

 The “right of privacy” has its roots in the concept of personal liberty and restrictions upon State action embodied in the Fourteenth Amendment
 
 (Zablocki v Redhail,
 
 434 US 374, 384;
 
 Roe v Wade,
 
 410 US 113, 153;
 
 Paul v Davis,
 
 424 US 693, 713). This guarantee recognizes certain “zones of privacy” existing under the Federal Constitution and protects those individual interests which can be said to be “fundamental” or “implicit in the concept of ordered liberty”
 
 (Roe v Wade, supra,
 
 at p 152). Although the precise contours of this right have yet to be defined, it is clear that it has application in two primary areas of personal autonomy: “the individual interest in avoiding disclosure of personal matters”, and “the interest in independence in making certain kinds of important decisions”
 
 (Whalen v Roe,
 
 429 US 589, 599-600). It is this latter interest which plaintiff argues is implicated by the statute’s limitations on fee arrangements between attorney and client.
 

 
 *312
 
 The cases according constitutional protection to such individual decision-making interests indicate that this aspect of the right of privacy is limited to the most personal and intimate matters of individual choice of conduct. Thus, clearly falling within its scope are matters relating to the decision of whom one will marry
 
 (Loving v Virginia,
 
 388 US 1, 12), the decision whether to bear or beget a child
 
 (Carey v Population Servs. Int.,
 
 431 US 678, 687; see
 
 Griswold v Connecticut,
 
 381 US 479, 485-486), and a woman’s decision whether to terminate her pregnancy
 
 (Roe v Wade, supra,
 
 at p 153). Moreover, the right has some extension to decisions involving the private possession of obscene materials in one’s home
 
 (Stanley v Georgia,
 
 394 US 557, 564), as well as decisions concerning private sexual morality
 
 (People v Onofre,
 
 51 NY2d 476, 488, cert den 451 US 987).
 

 An examination of the types of decisional conduct to which constitutional protection has been extended under the concept of the privacy guarantee makes readily apparent that plaintiff’s interest in entering into a particular fee arrangement or indeed, choosing a particular attorney to represent her, is not the sort of personal decision encompassed within the “zone of privacy”. Notwithstanding the importance of the attorney-client relationship, the choice of legal representation involves nothing more than an economic decision. Such a choice simply does not have such an intimate or sensitive character as to warrant protection under this constitutional doctrine.*
 
 *
 

 Plaintiff also contends that the effective limitation of her choice of counsel by virtue of the fee restrictions violates her right to equal protection. Defining the class of persons similarly situated to include all litigants before the Work
 
 *313
 
 ers’ Compensation Board, plaintiff maintains that such a restriction, directed only to claimants and not to employers and compensation carriers appearing as parties to such proceedings, amounts to an unreasonable classification. Thus, while the latter can employ the most skilled legal counsel to represent them in workers’ compensation proceedings, it is argued that the unwillingness of attorneys to undertake the representation of claimants because of the lack of economic reward leaves claimants without the same level of legal expertise. Although we agree with plaintiff that a classification exists between claimants, on the one hand, and insurers and employers on the other, we believe that a rational basis exists for this disparate treatment.
 

 Section 24 of the Workers’ Compensation Law is part of a broad scheme of economic and social welfare legislation. The challenged classification, burdening no suspect group and affecting no interest deemed fundamental, need only pass the constitutional test of rationality. Thus, the statute will withstand judicial scrutiny if the resulting classification bears a reasonable relationship to some legitimate legislative objective
 
 (Vance v Bradley,
 
 440 US 93, 96-97;
 
 Dandridge v Williams,
 
 397 US 471, 485;
 
 People v Whidden,
 
 51 NY2d 457, 460;
 
 Alevy v Downstate Med. Center of State of N. Y.,
 
 39 NY2d 326, 332).
 

 The broad scheme of compensation for work-related injuries or death contained in the Workers’ Compensation Law has as its purpose the provision of a swift and sure source of benefits to injured employees or the dependents of deceased employees
 
 (Matter of Burns v Miller Constr.,
 
 55 NY2d 501;
 
 Billy v Consolidated Mach. Tool Corp.,
 
 51 NY2d 152, 158;
 
 O’Rourke v Long,
 
 41 NY2d 219, 222). The compensation law was intended to obviate, among other things, the delay and expense to the claimant caused by the protracted litigation involved in pursuing a negligence claim
 
 (Shanahan v Monarch Eng. Co.,
 
 219 NY 469, 477-478,
 
 supra).
 
 That such relief is a legitimate legislative objective hardly need be stated. Section 24, with its restrictions on fee arrangements between the claimant and counsel, is similarly designed for the protection of the injured employee or his dependents. The purpose of the restrictions being to protect the claimant from entering into an improvident fee
 
 *314
 
 agreement which might substantially reduce the eventual monetary benefits awarded, the statute clearly promotes the over-all objective of ensuring adequate economic relief to the employee or his family. We believe that the Legislature could properly determine that employers and compensation carriers, not laboring under the same economic difficulties as the claimant, are not in need of similar protection. Accordingly, we conclude that the classification has a rational basis, inasmuch as the restriction on a claimant’s choice of counsel is a reasonable method of furthering the legislative objectives of the Workers’ Compensation Law.
 

 We note, finally, that to the extent plaintiff has demonstrated that at least some attorneys will not undertake claimants’ compensation cases because of the fee restrictions, she has identified a problem that is the proper concern of the Legislature. If it is true, as plaintiff asserts, that the intent of the Legislature to protect claimants is not accomplished by the provisions of section 24, then the wisdom of the statute may be in some doubt, but such a deficiency may not properly be remedied by the courts (see
 
 Pharmaceutical Mfrs. Assn. v Whalen,
 
 54 NY2d 486).
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed.
 

 *
 

 Equally without merit is plaintiff’s contention that the statute in issue violates the contract clause of the Federal Constitution (US Const, art I, § 10: “No State shall * * * pass any * * * Law impairing the Obligation of Contracts”). This clause operates only to invalidate State legislation relieving the commitments of one party to a contract or otherwise retroactively altering rights and obligations under existing contracts (see
 
 United
 
 States
 
 Trust Co. v New Jersey,
 
 431 US 1, 17-21;
 
 Allied Structural Steel Co. v Spannaus,
 
 438 US 234, 244-246). Section 24 of the Workers’ Compensation Law is not such State legislation. It merely regulates the terms upon which attorney and client may enter into a fee arrangement in a limited context.