# Robert P. Hudock

## v.

# Virginia State Bar

Record No. 850604

April 24, 1987

Present: Carrico, C.J., Cochran,* Poff, Compton, Stephenson, Russell, and Thomas, JJ.

---

* Justice Cochran participated in the hearing and decision of this case prior to the effective date of his retirement on April 20, 1987.

*Robert P. Hudock* for appellant.

*Neil A. G. McPhie, Assistant Attorney General (Mary Sue Terry, Attorney General; James T. Moore, III, Senior Assistant Attorney General*, on brief), for appellee.

THOMAS, J., delivered the opinion of the Court.

■ In this disciplinary proceeding, the Virginia State Bar Disciplinary Board (the "Board") found that Robert P. Hudock violated Disciplinary Rule 2-105(A) and (B) and ordered that Hudock be publicly reprimanded. The disciplinary rule in effect at the time of the alleged misconduct provided as follows:

DR 2-105 Fees for Legal Services.
(A)   A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.
(B)   A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides

in determining the reasonableness of a fee include the following:

. . . .

(3)   The fee customarily charged in the locality for similar legal services.

DR 2-105(A) is written in the disjunctive. Its terms are violated either where a fee is "illegal" *or* where a fee is "clearly excessive."

On appeal, Hudock advances two main arguments. He contends first that the evidence was insufficient to establish that the fee was clearly excessive. Second, he contends that Code § 65.1-102, relied upon to establish the illegality of the fee, is unconstitutional. Consequently, he submits, he cannot be found guilty of charging an illegal fee.

█ In our view, if either of the alternative bases for a violation of DR 2-105(A) has been established by the Virginia State Bar, then we must affirm. It is plain that the fee charged by Hudock was illegal. Therefore, we will affirm the decision of the Board.

Hudock represented a client before the Industrial Commission of Virginia (the "Commission"). Hudock settled his client's claim for $15,000 and submitted a draft order to the Commission reflecting the settlement. The draft order left blank the space for the award of the attorney's fee. The Commission entered the settlement order on May 26, 1981. In that order, the Commission set Hudock's fee at $2,500 and entered that amount in the blank space. The order stated that $2,500 was to be paid to Hudock "as and for counsel fees." The order stated further that the "remaining amount of $12,500.00 Dollars shall be paid to the Employee in ONE LUMP SUM."

Unbeknownst to the Commission, Hudock had entered into a contingency fee agreement with his client which called for "[o]ne-third (⅓) of the gross settlement . . . as the legal fee." The contingency fee agreement had been executed in November 1980. Hudock, however, neither advised the Commission of the existence of the contingency fee agreement, nor requested a specific fee, nor provided evidence concerning an appropriate fee.

Subsequent to the entry of the May 1981 order, Hudock asked for and received an additional $2,500 from his client. This brought Hudock's total fee to $5,000: $2,500 paid directly to him

by the employer pursuant to the May 1981 order and $2,500 paid to him by his client.

■ The State Bar contends that the $2,500 Hudock collected from his client was an illegal fee. In making this argument, the State Bar relies upon Code § 65.1-102, which, in 1981, read in pertinent part as follows: "Fees of attorneys . . ., whether employed by employer, employee or insurance carrier under this Act, shall be subject to the approval and award of the Commission. . . ." According to the State Bar, Code § 65.1-102 gives the Commission full power to control the award of attorneys' fees in workers' compensation cases. We agree.

■ In *Bee Hive Min. Co.* v. *Indus. Com.*, 144 Va. 240, 132 S.E. 177 (1926), we considered a predecessor to Code § 65.1-102. The main difference between the statute in effect in 1926 and the one in effect in 1981 is that the earlier statute said "[f]ees . . . shall be subject to the *approval* of the Commission" while the recent statute says "[f]ees . . . shall be subject to the *approval and award* of the Commission." (Emphasis added.) Thus, the statute in effect at the time of Hudock's conduct gives the Commission more authority over fees than did the earlier statute. Nevertheless, in *Bee Hive*, we wrote as follows concerning the purpose of the predecessor statute:

> This section was intended, as we construe it, to give the Industrial Commission the power to pass on attorneys' fees and physicians' charges when rendered — in other words, *it was the intent of the act not to allow an attorney* or a physician *to overcharge for their services.*

144 Va. at 242, 132 S.E. at 177 (emphasis added).

If the earlier version of the statute was intended to prevent attorneys from overcharging for their services, the more recent version reemphasizes that intention by its inclusion of the word "award." The purpose of preventing overcharges would be entirely undermined if, as Hudock argues, the statute merely provides for minimum fees. By Hudock's logic, an attorney could make it appear to the Commission that he would receive a 10% fee when in fact the actual fee could be much higher. Such a procedure would render Code § 65.1-102 meaningless.

■ According to Code § 65.1-102, the Commission was empowered to set the attorney's fee. Once the fee was set, the attorney

could not secure more in fees from his client. To do so violated Code § 65.1-102 and made the additional fee illegal.

Hudock contends that Code § 65.1-102 cannot serve as the basis for punishing him for receiving an illegal fee because that code section is unconstitutional on equal protection and due process grounds.* According to Hudock, Code § 65.1-102 deprives him of equal protection because, though it states that the Commission has power over the fees of attorneys for both employers and employees, the Commission never controls the fees paid to attorneys for employers. He contends further that the provision deprives him of due process because it does not contain "ascertainable standards" for the award of attorneys' fees by the Commission and because it is so vague that an attorney cannot tell what conduct the statute proscribes.

With regard to equal protection, Hudock argues, in essence, that the statute is unconstitutional as applied. This argument must fail because a rational basis exists for the difference in treatment of counsel for employees versus the treatment of counsel for employers. The Act is designed to benefit and protect employees. Authorizing the Commission to control fees recoverable by claimants' counsel protects claimants "from entering into an improvident fee agreement which might substantially reduce the eventual monetary benefits awarded." *Crosby* v. *State Workers' Compensation Bd.*, 57 N.Y.2d 305, 456 N.Y.S. 680, 442 N.E.2d 1191 (1982) (a case in which a similar equal protection challenge was rejected). Moreover, the control exercised by the Commission promotes the objective of ensuring adequate relief to the claimant and his family. No similar concern exists with regard to employers and the fees they pay for legal services related to workers' compensation claims. We hold, therefore, that even though Code § 65.1-102 expressly makes all attorneys' fees in compensation cases subject to Commission control, the Commission's practice of exercising control only over the attorneys' fees charged to claimants does not violate the Equal Protection Clause of the United States Constitution.

---

* Hudock advanced similar arguments in the related case of *Hudock* v. *Industrial Commission*, 1 Va. App. 474, 340 S.E.2d 168 (1986). In that case, which is on appeal to this Court, Hudock was held in contempt for failure to return the second $2,500 to his client. Our disposition of the constitutional issues in the instant appeal makes moot the constitutional issues raised in *Hudock* v. *Industrial Commission*.

██ Hudock's two-part due process challenge to Code § 65.1-102 is equally without merit. With regard to the issue of ascertainable standards, the case on which he relies was reversed on appeal on the very ground upon which it was relied by Hudock. *United States* v. *Welden*, 568 F.Supp. 516 (N.D. Ala. 1983), *rev'd in part sub nom. United States* v. *Satterfield*, 743 F.2d 827 (11th Cir. 1984), *cert. denied*, 471 U.S. 1117 (1985). Moreover, we can ascertain the standard that applies under the Act. The standard is one of reasonableness in furtherance of the beneficent purposes of the Act. It is aimed at preventing exorbitant fees. Significantly, Hudock does not complain that the $2,500 fee awarded by the Commission amounts to inadequate compensation for the type, level, and complexity of the services he rendered. Moreover, he does not complain that the $2,500 fee awarded by the Commission is unreasonable; he simply asserts that he can charge a claimant anything he wants without regard to the Commission. In our opinion, the Commission acted reasonably in furtherance of the purposes of the Act.

The second part of Hudock's due process argument is his contention that he could not tell from the statute what conduct it proscribed. Apparently, he contends the language of the statute did not put him on notice that he was not supposed to collect fees in excess of the amount awarded by the Commission. In our view, the statute is not vague. Indeed, it could not be clearer. It states that attorneys' fees "shall be subject to the approval and award of the Commission." Only by ignoring this plain language could an attorney reach the erroneous conclusion that his fees were not subject to Commission control. We hold that Code § 65.1-102 does not violate Hudock's rights under the Due Process Clause of the United States Constitution. *Cf. Yeiser* v. *Dysart*, 267 U.S. 540 (1925); *Buckler* v. *Hilt*, 209 Ind. 541, 200 N.E. 219 (1936).

For all the foregoing reasons, we determine that the Board committed no error. Accordingly, we will order that Hudock be publicly reprimanded as ordered by the Board.

The order appealed from will be

*Affirmed.*