**In the Matter of Robert P. HUDOCK, Respondent.**

**A Member of the Bar of the District of Columbia**

**No. 87–1105.**

District of Columbia Court of Appeals.

Submitted June 9, 1988.
Decided July 14, 1988.

Thomas E. Flynn, Bar Counsel, and Michael S. Frisch, Asst. Bar Counsel, Washington, D.C., for petitioner, the Office of Bar Counsel.

Robert P. Hudock, pro se.

Before NEWMAN and SCHWELB, Associate Judges, and REILLY, Senior Judge.

PER CURIAM:

Respondent, Robert P. Hudock, an attorney practicing in Virginia and in the District of Columbia, was publicly reprimanded by the Virginia State Bar Disciplinary Board for charging an illegal fee. The State Board's action was affirmed by the Supreme Court of Virginia. *Hudock v. Virginia State Bar,* 233 Va. 390, 355 S.E. 2d 601 (1987). The discipline in Virginia was ordered after Hudock had failed to disclose a contingency fee agreement with his client in a workmen's compensation proceeding and had collected a fee of $5,000 out of an award of $15,000. The Industrial Commission of Virginia had approved a fee of only $2,500.

The Board on Professional Responsibility has recommended that reciprocal discipline be imposed in the District of Columbia. Rule XI Section 18(5) of the Rules Governing the Bar provides that identical discipline shall be imposed unless at least one of five exceptions listed in that Rule applies to the respondent and his misconduct. These exceptions are set forth in the Report and Recommendation of the Board, a copy of which is attached. Essentially for the reasons stated by the Board at page 4 of its Report and Recommendation, we conclude that none of these exceptions is applicable here.

1. We note that the issue of compelling restitution of the excess portion of the fee is being addressed by the Virginia courts. See *Hudock*

Accordingly, it is ORDERED that respondent Robert P. Hudock be and he is hereby publicly reprimanded.[1]

*So ordered.*

DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

Bar Docket Number: 337–87

IN THE MATTER OF: ROBERT P. HUDOCK, RESPONDENT.

REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

Respondent is a member of the bars of both Virginia and the District of Columbia. On October 2, 1987, in accordance with Rule XI, Section 18(2) of the Rules Governing the Bar of the District of Columbia Court of Appeals entered an order advising that it had received notice from the Virginia State Bar Disciplinary Board that it had publicly reprimanded Robert P. Hudock. The District of Columbia Court of Appeals directed the Board on Professional Responsibility to recommend whether reciprocal discipline should be imposed or whether the Board elects to proceed *de novo* in this jurisdiction pursuant to Rule XI, Section 7.

The Board has reviewed the Order of the Virginia State Bar Disciplinary Board dated June 10, 1985, and the Opinion of the Supreme Court of Virginia dated April 24, 1987. The Board has also considered Bar Counsel's letter dated October 16, 1987, in which he indicated that he does not oppose the imposition of reciprocal discipline and the October 19, 1987, letter of Respondent, who objected to the ordering of reciprocal discipline.

Rule XI, Section 18(5)(a)–(e) of the Rules Governing the District of Columbia Bar specifies that a member of the District of Columbia Bar who has been disciplined in another jurisdiction shall be subject to the identical discipline unless one or more of the five exceptions set forth in Section 18 apply. After careful review of all the sub-

*v. Industrial Commission of Virginia,* 1 Va.App. 474, 340 S.E.2d 168 (1986).

missions, this Board concludes that none of the five factors listed in Rule XI, Section 18(5) applies to Respondent and his misconduct. Therefore, the Board recommends the imposition of identical reciprocal discipline.

### Summary of Virginia Proceeding

According to the available record, Respondent represented a client before the Industrial Commission of Virginia. He filed a petition with the Commission requesting the Commission to approve payment of the settlement in one "lump sum" and to "award a reasonable attorney's fee to be paid directly from the settlement award." (Board Order, p. 1) On May 26, 1981, the Commission entered the settlement order setting Respondent's fee at $2,500 out of the total $15,000 award for his client. The Commission, however, was unaware that Respondent had entered into a contingency fee agreement in November 1980 with his client which called for one-third of the gross settlement—or in this case $5,000 as the legal fee. After the May 1981 order, Respondent requested and received an additional $2,500 from his client. The Virginia State Bar Disciplinary Board found that this additional fee of $2,500 was an illegal fee. According to the Virginia Code, Section 65.1–102, attorney's fees shall be "subject to the approval and award of the Commission." Therefore, once the fee was set by the Commission, the attorney could not receive additional fees from his client.

The Virginia State Bar Disciplinary Board found that Respondent's conduct violated DR 2–105(A) and (B) in that he had charged an illegal fee. It ordered that Respondent be publicly reprimanded, which the Supreme Court of Virginia affirmed on appeal in April 1987.

### Discussion

The Board has been instructed to determine whether reciprocal discipline should be imposed in this case or whether to proceed *de novo*. In determining whether to recommend a reciprocal discipline, the Board must consider the five factors set forth in Rule XI, Section 18(5)(a) through (e) which are:

(a) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(b) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject; or

(c) The imposition of the same discipline by the Court would result in grave injustice; or

(d) The misconduct established warrants substantially different discipline in this jurisdiction; or

(e) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

In the instant case, the Board has found that these criteria do not apply. It appears to the Board that Respondent was accorded the full measure of due process in the Virginia disciplinary proceeding. The facts of his misconduct were well established and are not in dispute. The imposition of the same discipline would not result in a grave injustice in this case. The misconduct established warrants a similar sanction in this jurisdiction. The attorneys who have violated DR 2–106(A) in this jurisdiction have also violated other disciplinary rules and thus their misconduct was more serious warranting a harsher sanction, *see, e.g., In re Newsome,* D–34–79 (D.C.App. Nov. 21, 1979) (*en banc*). All Respondent's violations found in the Virginia proceeding would be violations of the Code of Professional Responsibility as it applies in the District of Columbia—his violation of DR 2–105(A) and (B) in Virginia corresponds to a violation of DR 2–106(A) in the District of Columbia.

Respondent objects to the imposition of reciprocal discipline. He believes that his conduct in Virginia does not constitute misconduct in this jurisdiction[1] because he

---

1. Respondent also states that the matter warrants substantially different discipline in this jurisdiction (subsection (d)) and that the imposition of the same discipline would result in grave

contends that his misconduct is "unique to Virginia" because of the statutory scheme relating to the Industrial Commission's control of attorney's fees in Virginia.[2]

The Board rejects Respondent's argument that his misconduct in Virginia would not be a violation of the disciplinary rules in the District of Columbia. Respondent's contention is based on the fact that the District of Columbia's statutory scheme concerning attorney's fees in Workmen's Compensation cases differs from Virginia's statutory scheme. Respondent's argument is not on point. Respondent was disciplined in Virginia for charging and collecting an illegal fee.

Such misconduct is grounds for discipline in the District of Columbia. *See In re Newsome, supra* (the respondent's unauthorized fee was in excess of compensation allowed by Probate Division of the Superior Court). The respondent's misconduct included misappropriation of estate funds; the respondent was disbarred. The issue here is not whether the particular fee charged by Respondent, which was illegal in Virginia, would have also been illegal in the District of Columbia. Rather the issue is whether the collection of an illegal fee is a basis for discipline in the District of Columbia, and the Board believes that it is.

### Recommendation

The Board, therefore, concludes that reciprocal discipline is warranted according to Rule XI, Section 18(5) and recommends that the Court reciprocally discipline Respondent. According to *In re Rosen*, M–69(81) (D.C.App. Nov. 20, 1981), and *In re J.F.M.*, 86–50 (D.C.App. May 20, 1986), in reciprocal discipline cases, the identical discipline must be imposed in this jurisdiction regardless of whether the sanction imposed in the foreign jurisdiction exists in the District of Columbia. In the District of Co-

lumbia, the Board has the authority to issue a reprimand, which is public, pursuant to Rule XI, Section 3(5). However, because the Supreme Court of Virginia issued the public reprimand to Respondent, the Court should issue the public reprimand to Respondent in order for the discipline to be identical in this jurisdiction.

BOARD ON PROFESSIONAL
RESPONSIBILITY
By: /s/ Hannah Jopling Kaiser
HANNAH JOPLING KAISER

Date: 7 December, 1987

All members of the Board concur in this Report and Recommendation, except Mr. Wilson and Miss Rosenberg who did not participate.

---

injustice (subsection (c)). Respondent, however, fails to state a basis for his assertion that this matter falls within the subsection (d) exception. The Board does not find on the face of the record that Respondent's misconduct would warrant substantially different discipline in this jurisdiction.

In addition, Respondent's argument that the subsection (c) exception applies is based on an illogical argument that reciprocal discipline

would result in a chilling effect on a respondent's right to contest a disciplinary action. Whether a respondent contests a disciplinary matter does not affect the sanction.

2. Respondent's constitutional challenges to Virginia's statute concerning attorney's fees were carefully considered and rejected by the Supreme Court of Virginia.