### In re Eugene OAK, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

No. 98–BG–229.

District of Columbia Court of Appeals.

Feb. 25, 1999.

Before FARRELL and RUIZ, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM.

Respondent, Eugene Oak, is a member of the State Bar of Michigan and the bar of this court. On January 10, 1995, the Attorney Discipline Board of the State of Michigan reprimanded respondent on consent. In the stipulation of consent for discipline, respondent pled *nolo contendere* to one count of charging a clearly excessive fee, and the Michigan disciplinary authorities dismissed another charge against respondent. A third charge had previously been dismissed by a hearing panel.

---

Respondent did not report the reprimand to Bar Counsel as required by D.C. Bar R. XI, § 11(b). After learning of respondent's discipline, Bar Counsel filed with this court a certified copy of the Michigan disciplinary order. This court then referred the matter to the Board on Professional Responsibility ("Board").

The Board has recommended reciprocal discipline in the form of a public censure. Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation. Respondent has not filed any opposition to the Board's report and recommendation.

 There is a rebuttable presumption that the sanction imposed by this court in a reciprocal discipline case will be identical to that imposed by the original disciplining authority. *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992). The presumption that identical discipline will be imposed is rebutted only if the respondent demonstrates, or the face of the record reveals, by clear and convincing evidence the existence of one of the conditions enumerated in D.C. Bar R. XI, § 11(c). *See* D.C. Bar R. XI, § 11(f).

 Although respondent argued before the Board that reciprocal discipline should not be imposed, his failure to file any exception to the Board's report and recommendation is treated as a concession that reciprocal discipline is warranted. *In re Goldsborough*, 654 A.2d 1285 (D.C.1995); D.C. Bar R. XI, § 11(f)(1). Additionally, the record does not give us any cause to find imposition of identical discipline inappropriate. The misconduct to which respondent knowingly and willingly stipulated constitutes a violation of Rule 1.5 of the District of Columbia Rules of Professional Conduct, and a public censure is "within the range of sanctions that would be imposed" in this jurisdiction for respondent's misconduct. *In re Garner*, 576 A.2d 1356, 1357 (D.C.1990). *See In re Hudock*, 544 A.2d 707 (D.C.1988) (charging illegal fee warranted reciprocal discipline of public reprimand). Accordingly, it is

ORDERED that Eugene Oak be and hereby is publicly censured.

*So ordered.*