■ In the Matter of the Claim of Robert Abel, Appellant, v Wolff and Dungey, Inc., et al., Respondents. Workers' Compensation Board, Respondent. [732 NYS2d 118] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed November 17, 2000, as amended by decision filed

November 29, 2000, which rejected a waiver agreement executed by claimant.

In 1984, claimant, whose left leg had previously been amputated due to an unrelated accident, applied for workers' compensation benefits due to the presence of work-related abscesses on his leg. Thereafter, the claim was established and, in 1986, the Workers' Compensation Board, *inter alia*, ordered the employer's workers' compensation carrier to pay for the cost of a replacement prosthesis. Claiming nonpayment by the carrier, in August 1999, claimant sought payment for the cost of the new prosthesis. Pursuant to Workers' Compensation Law § 25-a, the carrier was discharged from liability and the matter was referred to the Special Funds Conservation Committee (hereinafter the Committee), which subsequently denied claimant's request.

Thereafter, in September 2000, claimant, his attorney and the Committee entered into a waiver agreement (*see*, Workers' Compensation Law § 32) wherein the Committee agreed to pay claimant $8,500 and his attorney $1,500 in counsel fees, in exchange for which claimant agreed to waive future claims. Claimant, the Committee and claimant's attorney were all listed as parties to the agreement and each was a signatory. A hearing was held to determine the propriety of the agreement, during which the Workers' Compensation Law Judge explained to claimant that while he had the right to representation, his counsel had no legal standing to remain listed as a party to the agreement and the waiver could not be approved with a nonparty included therein. Claimant at no point indicated his willingness to modify the agreement and, subsequently, the Board, by decision filed November 17, 2000, as amended by decision filed November 29, 2000, rejected the agreement on the ground that it was improper as a matter of law for claimant's attorney to be a party to the agreement.

It is clear that a claimant, or his or her dependents in the event that the claimant is deceased, may "enter into an agreement [with the employer or carrier] settling upon and determining the compensation and other benefits due to the claimant or [his or her] dependents" (Workers' Compensation Law § 32 [a]) subject, however, to the Board's approval (*see*, Workers' Compensation Law § 32 [b]). Approval must be given unless, as is relevant here, "the board finds the proposed agreement unfair, unconscionable, or improper as a matter of law" (Workers' Compensation Law § 32 [b] [1]). Notably, since a claimant's attorney is not one of the entities specifically allowed to enter into a waiver agreement (*see*, Workers' Compensation Law

§ 32 [a]), the Board properly rejected the agreement as improper in light of claimant's refusal to remove his attorney as a party thereto. Although an attorney cannot be listed as a party, the Board's rules clearly provide that "[a]n agreement may provide for reasonable fees commensurate with the services rendered by the claimant's attorney or licensed representative" (12 NYCRR 300.36 [h]).

Claimant argues that the Board's reasoning for rejecting the agreement was contrary to the legislative purpose behind Workers' Compensation Law § 32—to give injured workers self-determination in settling their claims—and, thus, claimant asserts that the statute operates to remove the Board's discretion regarding counsel fees which it would otherwise have under Workers' Compensation Law § 24. These arguments, too, are unavailing given that Workers' Compensation Law § 32 clearly lists the entities which can be parties thereto and nothing therein or in the Board's rules purports to abrogate the Board's statutory authority to approve or deny counsel fees (*see*, Workers' Compensation Law § 24). Moreover, inasmuch as counsel fees are inchoate until approved by the Board (*see*, Workers' Compensation Law § 24; *Crosby v State of New York, Workers' Compensation Bd.*, 57 NY2d 305), the assertion that claimant's attorney had an established financial interest in the agreement is unpersuasive.

Claimant's remaining contentions have been examined and found to be either without merit or unsupported by the record.

Mercure, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.