COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Kelsey
Argued at Richmond, Virginia


DANIEL S. ROMAN

v.        Record No. 1690-05-2

OPINION BY
JUDGE LARRY G. ELDER
MARCH 28, 2006

ONDEO DEGREMONT, INC. AND
  AMERICAN AND FOREIGN INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Christopher C. Booberg for appellant.

Lisa Frisina Clement (Tracey Alice Berry; Penn, Stuart & Eskridge,
on brief), for appellees.


Daniel S. Roman (claimant) appeals a decision of the Workers' Compensation

Commission denying his request for a penalty award against Ondeo Degremont, Inc., and its

insurer, American and Foreign Insurance Company, (collectively employer) for the late payment

of attorney's fees. On appeal, he contends the Workers' Compensation Act's provision requiring

assessment of a penalty on late paid compensation--compensation not paid within a certain time

period unless certain conditions are met--applies to the late payment of attorney's fees.[1] We hold

that where the commission orders the attorney's fee to be paid out of the claimant's accrued

compensation, the fee remains compensation within the meaning of the penalty statute. Thus, we

---

[1] Claimant contended before the deputy commissioner that he was entitled to "a penalty assessment against the carrier for interest and attorney's fees not paid in a timely manner." The deputy disagreed. Appellant failed to obtain a ruling from the commission on the issue of his entitlement to a penalty on late paid interest. Thus, he may not raise that issue on appeal to this Court. See Overhead Door Co. v. Lewis, 29 Va. App. 52, 62, 509 S.E.2d 535, 539-40 (1999).

reverse the decision of the commission denying the request for imposition of a penalty under the facts of this case and remand for further proceedings consistent with this opinion.

I.

BACKGROUND

Claimant suffered an occupational disease for which the commission concluded he was entitled to temporary total disability benefits in the amount of $645 per week from August 6, 2001, and continuing. By opinion of July 23, 2003, the deputy entered an award for those benefits and directed that attorney's fees of $12,000 be paid to claimant's counsel from accrued compensation. Employer filed a request for review, and the commission affirmed the award by opinion of May 4, 2004. Employer noted an appeal to this Court, which summarily affirmed the commission's decision dated October 26, 2004. The carrier took no action to obtain additional review of the ruling, and by check dated November 10, 2004, it paid claimant the accrued temporary total disability compensation due less the $12,000 the commission had ordered to be paid directly to claimant's attorney as attorney's fees.

As of December 15, 2004, neither the attorney's fees nor the interest on accrued compensation had been paid, and claimant asked the commission to award a 20% penalty for their late payment.[2] The deputy denied the request, citing several recent commission decisions concluding that Code § 65.2-524's provisions regarding penalties for the late payment of compensation apply only to "actual disability benefits due a claimant" and do not apply to the late payment of attorney's fees or interest. He reasoned that "valid policy reasons . . . support providing a 20% penalty for late payments to an injured worker who depends upon such payments for week to week sustenance, but denying such a penalty to doctors and lawyers with respect to the late payment of their charges." Finally, he noted that "[o]utside the realm of

---

[2] The attorney's fee payment was not made until after January 21, 2005.

- 2 -

injured workers, the law generally disfavors and disallows penalties, and provides other remedies such as interest and attorney's fees," but that claimant "ha[d] not sought any such alternative remedies" here.

Claimant filed a request for review by the commission, which affirmed the deputy's decision by a vote of two to one. The majority noted the legal principle requiring the narrow construction of penalty provisions and the reasoning of the deputy, and it relied on a prior decision in which it concluded Code § 65.2-524 provides for a penalty on unpaid compensation and that an attorney's fee does not constitute compensation.

Claimant noted his appeal to this Court.

II.

ANALYSIS

Subject to certain tolling provisions, Code § 65.2-524 provides in relevant part as follows:

> If any payment is not paid within two weeks after it becomes due, there shall be added *to such unpaid compensation* an amount equal to twenty percent thereof, unless the Commission finds that any required payment has been made as promptly as practicable and (i) there is good cause outside the control of the employer for the delay or (ii) in the case of a self-insured employer, the employer has issued the required payment to the employee as a part of the next regular payroll after the payment becomes due.

(Emphasis added).

Here, the commission awarded claimant the disputed compensation benefits and directed that attorney's fees of $12,000 be paid directly to claimant's counsel from accrued temporary total disability compensation. See Va. Workers' Comp. Comm'n Rule 9.2 ("When an award provides for an attorney fee, the employer shall pay the fee directly to the attorney unless there is alternative provision in the award."). It is undisputed that employer paid to the claimant, in a timely fashion, his past due compensation less the $12,000 in attorney's fees that the commission

- 3 -

ordered withheld and paid directly to counsel.  However, employer did not pay the attorney's fees within that same time frame.  This appeal requires us to determine whether attorney's fees ordered to be paid directly to counsel from accrued compensation are "payment[s]" of "compensation" within the meaning of Code § 65.2-524.[3]  We hold that they are.

The Workers' Compensation Act is remedial in nature; its purpose is "the prompt payment of compensation to injured workers.  The purpose of the penalty provision of Code § [65.2-524] is to compel prompt payment . . . .  [The statute's] time limit is designed to discourage 'slow and circuitous' payment of benefits due and to discourage inaction or inattention to a claim."  Weston v. B.J. Church Constr. Co., 9 Va. App. 283, 286-87, 387 S.E.2d 96, 97-98 (1989).  Although penalty statutes must be "'strictly construed in favor of the party on whom the penalty is sought to be imposed,'" this requirement of "[n]arrow construction . . . does not empower a court to relieve a party from the operation of a statute, absent fraud or other legally compelling circumstances.  Likewise, the mandate of strict construction does not authorize courts to amend or modify clearly drafted statutes absent constitutional defect."  Id. at 286, 387 S.E.2d at 97 (quoting Audobon Tree Serv. v. Childress, 2 Va. App. 35, 41, 341 S.E.2d 211, 215 (1986)).

We hold that the terms "payment" and "compensation" as used in the first sentence of Code § 65.2-524 are synonymous for purposes of our analysis.  In the sentence's main clause, the word "such" in the phrase "such unpaid compensation" indicates that the term "any payment"

---

[3] This appeal does not require us to consider whether medical benefits, cf. Uninsured Employer's Fund v. Wilson, 46 Va. App. 500, 619 S.E.2d 476 (2005) (holding term "compensation," as used in Code § 65.2-520, which "allows unapproved settlement payments to 'be deducted from the amount to be paid as compensation,'" is limited to Chapter 5 indemnity payments made directly to claimant), or attorney's fees other than those ordered to be paid from accrued compensation, see, e.g., Code § 65.2-713 (permitting assessment of attorney's fees against employer under certain circumstances), are "payment[s]" of "compensation" for purposes of Code § 65.2-524's penalty provisions.  We expressly decline to reach such questions.

in the introductory dependent clause is co-extensive with the term "unpaid compensation." See Strawberry Hill Land Corp. v. Starbuck, 124 Va. 71, 86, 97 S.E. 362, 367 (1918) ("'Such' is a descriptive and relative word, and refers to the last antecedent, unless the meaning of the sentence would thereby be impaired. The word refers to what has been specified, and means the same as has been theretofore mentioned." (citation omitted)), quoted with approval in Sharlin v. Neighborhood Theatre, Inc., 209 Va. 718, 721, 167 S.E.2d 334, 337 (1969). We hold further that the plain meaning of the terms "payment" and "compensation" as used in Code § 65.2-524 includes, at the very least, accrued temporary disability compensation due pursuant to Chapter 5 of the Act. See Uninsured Employer's Fund v. Wilson, 46 Va. App. 500, 503, 619 S.E.2d 476, 478 (2005) (holding that "the 'conventional meaning' of compensation includes only 'wage loss compensation,' also commonly known as 'indemnity payments'").

Finally, contrary to the opinion of a majority of the commission in this case, we hold that such funds do not lose their character as "payment[s]" of "compensation" for purposes of Code § 65.2-524 simply because the commission, pursuant to its authority to approve and award attorney's fees under Code § 65.2-714,[4] orders that the employer pay a particular portion of those

---

[4] Code § 65.2-714 provides that

> Fees of attorneys . . . under this title . . . shall be subject to the approval and award of the Commission. . . . [T]he Commission shall have exclusive jurisdiction over all disputes concerning such fees or charges and may order the repayment of the amount of any fee which has already been paid that it determines to be excessive . . . .

The purpose of this statute is to prevent attorneys from "overcharg[ing] for their services." Bee Hive Mining Co. v. Ind. Comm'n, 144 Va. 240, 242, 132 S.E. 177, 177 (1926) (involving predecessor statute), quoted with approval in Hudock v. Va. State Bar, 233 Va. 390, 393, 355 S.E.2d 601, 603 (1987) (involving predecessor statute). Although the statute "expressly makes all attorney's fees in compensation cases subject to Commission control," the commission's practice is to "exercis[e] control only over the attorney's fees charged to claimants" so as to "promote[] the [Act's] objective of ensuring adequate relief to the claimant and his family." Hudock, 233 Va. at 394, 355 S.E.2d at 604.

- 5 -

funds directly to the claimant's attorney as a reasonable fee.[5] Cf. Rose v. Bristol Compressors, No. 214-98-83, 2005 VA Wrk. Comp. LEXIS 130, at *3 (Feb. 15, 2005) (noting "there is no provision contained in the Virginia Workers' Compensation Act that addresses a lien for attorney's fees" and that, although the commission "has accepted and considered such 'liens,'" "they are not true liens in the technical, legal sense"). We also hold that neither the language of Code § 65.2-524 nor the statutory context in which it appears--in a chapter of the Act involving payments of disability compensation to claimants or their statutory dependents or trustees, see Code §§ 65.2-500 to -531--deprives such funds of their character as "payment[s]" of "compensation" for purposes of the twenty percent penalty provision. We recognize that "'the construction given to the Act by the . . . commission is to be accorded great weight.' Nevertheless, when the Commission's interpretation of a statute runs counter to what we perceive to be the clear intent of the General Assembly . . . , the former must yield." Moore v. Va. Int'l Terms., Inc., 254 Va. 46, 50, 486 S.E.2d 528, 530 (1997). We hold "[t]his is such a case." Id.

Although we hold that attorney's fees to be paid from accrued compensation retain their character as compensation and are subject to the penalty provisions of Code § 65.2-524, we need not decide whether all attorney's fees paid under the Act are necessarily so classified. See, e.g., Code § 65.2-713 (allowing commission, in its discretion, to sanction an employer or insurer who has "brought, prosecuted, or defended [a proceeding] without reasonable grounds" or who has

_____

[5] Employer effectively conceded as much at oral argument, agreeing that if the commission made an award of attorney's fees to be paid from accrued disability compensation but indicated the award was to be paid *by a claimant* from accrued compensation upon his receipt of same, the attorney's fees would remain compensation for purposes of the penalty statute. Employer thus conceded the fees remained "compensation" despite the commission's entry of an award for such fees and focused on to whom the benefit was to be paid--a factor not referenced by Code § 65.2-524 and not required by the statutory context, see discussion infra in the text--rather than how it was classified.

"delayed payment without reasonable grounds" by "assessing against the [offending] employer or insurer" payment of "the whole cost of the proceeding, including attorney's fees to be fixed by the Commission"). We also need not address whether medical benefits are "payment[s]" of "compensation" to which the penalty provisions of Code § 65.2-524 apply. Cf. Wilson, 46 Va. App. 500, 619 S.E.2d 476 (holding term "compensation," as used in Code § 65.2-520, which "allows unapproved settlement payments to 'be deducted from the amount to be paid as compensation,'" is limited to Chapter 5 indemnity payments made directly to claimant). Finally, we need not decide whether the penalty for late payment should ordinarily be paid to the claimant or the claimant's attorney because claimant's attorney in this case asks that the penalty be paid to the claimant.

III.

We hold that where the commission orders an attorney's fee to be paid out of a claimant's accrued compensation, the fee remains compensation within the meaning of the penalty statute. Thus, we reverse the decision of the commission denying the request for imposition of a penalty under the facts of this case and remand for further proceedings consistent with this opinion, including the assessment of a penalty to be paid to the claimant.

Reversed and remanded.