**In re Larry S. LOIGMAN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 90–94.**

District of Columbia Court of Appeals.

Submitted Nov. 7, 1990.

Decided Dec. 7, 1990.

Before ROGERS, Chief Judge, FARRELL, Associate Judge, and PRYOR, Senior Judge.

On Report and Recommendation of the Board on Professional Responsibility

PER CURIAM:

This matter is before this court on the recommendation of the Board on Professional Responsibility (the Board) that respondent receive reciprocal discipline pursuant to Rule XI, § 11(c) of this court's Rules Governing the District of Columbia Bar. We adopt the Board's recommendation.

Respondent is a member of the bar of the state of New Jersey and of the District of Columbia. On November 13, 1989, this court received notice of a decision of the Supreme Court of New Jersey that respondent had been publicly reprimanded based on three separate disciplinary matters arising from his conduct between 1977 and 1984.[1] On February 6, 1990, this court ordered respondent to show cause before the Board why identical discipline should not be imposed, and requested the Board to elect thereafter whether to proceed *de novo* pursuant to Rule XI, § 8, or recommend whether reciprocal discipline should be imposed.

Rule XI, § 11(c) provides that in reciprocal discipline cases the identical discipline "shall be imposed" unless the attorney demonstrates by clear and convincing evidence that:

(1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or

(3) The imposition of the same discipline by the Court would result in grave injustice; or

---

1. In the first disciplinary matter, respondent was found to have violated New Jersey DR 9–101(B) by accepting private employment in a matter in which he had had considerable responsibility while a public employee. In the second disciplinary matter, respondent was found to have violated New Jersey DR 1–102(A)(6) by engaging in conduct that adversely reflected on his fitness to practice law, and New Jersey DR 7–102(A)(2) by knowingly advancing a claim unwarranted under existing law. In the third disciplinary matter, respondent was found to have violated New Jersey DR 6–101 as a result of his gross neglect of a legal matter and failure to communicate with his client, which resulted in a default judgment.

(4) The misconduct established warrants substantially different discipline in the District of Columbia; or

(5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

The rule also states that "unless there is a finding by the Board under (1), (2), or (5) above that is accepted by the Court, a final determination by a disciplining court outside the District of Columbia or by another court in the District of Columbia that an attorney has been guilty of professional misconduct shall conclusively establish the misconduct for the purpose of a reciprocal disciplinary proceeding in this Court." Rule XI requires this court to give deference to the Board's recommendation, *In re Hutchinson*, 518 A.2d 995, 1000 (D.C.1986); and in reciprocal discipline cases, the court also gives due deference to the disciplining jurisdiction. *See In re Hudock*, 544 A.2d 707 (D.C.1988); *In re Velasquez*, 507 A.2d 145, 147 (D.C.1986).

In a letter to the Board dated March 12, 1990, respondent opposed the imposition of reciprocal discipline, stating among other things that his violations were remote in time, that the New Jersey authorities' failure to act promptly constituted a denial of due process, and that he should not be punished for errors made in the early years of his law practice.

On August 8, 1990, the Board recommended that respondent be reciprocally dis-

ciplined in the form of a public reprimand. In its report and recommendation to the court, the Board determined that none of the five criteria set forth in § 11(c) of Rule XI was satisfied and that there was no evidence in the record demonstrating a lack of due process or infirmity of proof in the New Jersey proceedings. Moreover, respondent failed to satisfy his burden of proof by clear and convincing evidence under Rule XI, § 11(c), and his conduct in New Jersey was a proper basis for discipline in the District of Columbia.[2] Finally, the Board concluded that the imposition of identical discipline would not result in a grave injustice despite the passage of time, and that respondent's misconduct in New Jersey did not warrant substantially different discipline in this jurisdiction.

We are persuaded by the reasoning of the Board and approve and adopt its Report and Recommendation. Accordingly, it is

ORDERED that respondent Larry S. Loigman shall be, and hereby is, publicly reprimanded for his misconduct in New Jersey.

---

**2.** The Board concluded that respondent's conduct in the first disciplinary matter would constitute a violation of DR 9–101(B) in this jurisdiction; and respondent's knowing advancement of an unwarranted claim under existing law in the second matter would constitute a violation of this jurisdiction's DR 7–102(A)(2).

The Board concluded, however, that the District of Columbia Code does not have a provision equivalent to New Jersey's DR 1–102(A)(6). Finally, respondent's gross neglect of a client's case in the third matter would constitute neglect in this jurisdiction in violation of DR 6–101(A)(3).