**In re Harry DREIER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 93–BG–366.**

District of Columbia Court of Appeals.

Submitted Nov. 17, 1994.
Decided Dec. 29, 1994.

---

Before WAGNER, Chief Judge, and TERRY and STEADMAN, Associate Judges.

PER CURIAM:

Respondent, Harry Dreier, an attorney licensed to practice law in New Jersey and the District of Columbia, was publicly reprimanded by the Supreme Court of New Jersey for lack of diligence, failure to communicate with a client, and failure to cooperate with the ethics authorities. The discipline arose out of respondent's failure to file a New Jersey transfer tax return which respondent had prepared for a client, his failure to return her telephone calls inquiring about the matter, and his failure to respond to communications from an investigator for the disciplinary authorities about his client's grievance. The New Jersey Supreme Court publicly reprimanded respondent and ordered him to practice law under the supervision of a proctor.

The Board of Professional Responsibility (the Board) has recommended that reciprocal discipline be imposed in the form of a public censure, which is comparable to public reprimand in New Jersey. The Rules Governing the Bar, specifically Rule XI, Section 11(f), provide for the imposition of identical discipline unless one of five exceptions, not pertinent here, apply.[1] Since respondent practices only in New Jersey where he is under the supervision of a practice monitor, we accept the Board's recommendation that active probation in this jurisdiction need not be imposed. Essentially for the reasons set forth in the Report and Recommendation of the Board, a copy of which is set forth as an appendix to this opinion, we conclude that

reciprocal discipline should be imposed and that respondent should be publicly censured.

Therefore, it is ORDERED that respondent, Harry Dreier, be, and he is hereby, publicly censured.

## BOARD ON PROFESSIONAL RESPONSIBILITY

## DISTRICT OF COLUMBIA COURT OF APPEALS

In the Matter of

HARRY DREIER,

Respondent.

Bar Docket Number: 123-93

## REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

This is a reciprocal discipline case in which the Respondent was publicly reprimanded by the Supreme Court of New Jersey. In addition to the reprimand, Respondent was ordered to practice under the supervision of a proctor until further order of the court, discipline that is similar to probation in this jurisdiction. This order was entered on February 16, 1993. The matter was referred to the District of Columbia Court of Appeals, where Respondent was also admitted. On April 12, 1993, the court entered an order requiring Respondent to show cause why identical discipline should not be imposed.

The Decision and Recommendation of the Disciplinary Review Board in New Jersey revealed that Respondent met with Kimberly M. Epstein, in November, 1988, to discuss the final administration of the estate of her late husband. Respondent also agreed to draft a will for Mrs. Epstein, which he did. On the date that the will was executed, April 25, 1990, Respondent also prepared a New Jersey transfer inheritance tax return. Mrs. Epstein signed this return as executrix of her husband's estate. The return was never filed with the New Jersey Division of Taxation. Respondent did not return phone calls from Mrs. Epstein seeking information about the status of the tax return.

---

1. The exceptions are set forth in Rule XI, Section     11(c).

When Respondent did not return a final telephone call on October 1, 1990, Mrs. Epstein retained another lawyer. On November 5, she wrote Respondent informing him that she had engaged another lawyer and requesting that her files be forwarded to her new counsel. The new lawyer also wrote Respondent requesting that he contact him. Despite numerous phone calls from Mrs. Epstein and the new lawyer, Respondent failed to contact them, and the files were never turned over.

On April 10, 1991, an investigator for the New Jersey disciplinary system sent Respondent a copy of Mrs. Epstein's grievance and requested that he reply within two weeks. Respondent did not reply, despite several follow-up telephone calls.

Respondent's answer to the subsequent formal complaint in New Jersey essentially admitted the allegations against him, but alleged that he was suffering from emotional instability.

The New Jersey authorities found that Respondent had violated a number of disciplinary rules. The findings were that the Respondent was guilty of lack of diligence, failure to communicate with a client, and failure to cooperate with the disciplinary authorities. His conduct would constitute violations of DR 6–101(A)(3) (neglect), DR 9–103(B)(4) (failure to deliver client property), and Rule 8.4 (conduct seriously interfering with administration of justice) in this jurisdiction.[2] Respondent had two previous public reprimands in New Jersey, one in 1983 for misrepresenting the status of a lawsuit to his clients, and one in 1990 for lack of diligence and failure to communicate with the beneficiary of a trust. Although consideration was given to a more stringent sanction in light of Respondent's previous two run-ins with the disciplinary system, because of the mitigating factors, a public reprimand was recommended. A proctorship was established for an indefinite period, until such time as Respondent was capable of practicing competently on his own.

Respondent has made no effort to show cause why identical discipline should not be imposed, which is his burden pursuant to D.C.App.R. XI, § 11(c). Bar Counsel notes that comparable conduct in this jurisdiction might result in a greater sanction, but advocates reciprocal discipline, recognizing the deference that is owed to the original jurisdiction. *In re Loigman,* 582 A.2d 1202 (D.C. 1990) (per curiam); *In re Velasquez,* 507 A.2d 145 (D.C.1986) (per curiam).

Although we have the authority under Rule XI to impose a reprimand ourselves, we recommend instead that the Court publicly censure Respondent. We believe that a public censure by our Court of Appeals is comparable discipline to a public reprimand by the New Jersey Supreme Court. New Jersey also imposed a proctorship, which we understand to be supervision by another lawyer, for an indefinite period. This is comparable to our sanction of probation. Since Respondent is practicing in New Jersey, it makes no sense to impose active probation on him in the District of Columbia. Accordingly, we recommend to the Court that no probation be imposed.

THE BOARD ON PROFESSIONAL RESPONSIBILITY

By ———————————————
  Hamilton P. Fox, III
  Chair

Date: ————————————————

All members of the Board concur in this report and recommendation except Ms. CHRISTIANSON.

---

2. The first two violations occurred largely before January 1, 1991 and are, therefore, subject to the Code of Professional Responsibility.