### In re Lawrence L. BELL and Richard D. Paugh, Respondents.

### Members of the Bar of the District of Columbia Court of Appeals.

### Nos. 96–BG–1551, 96–BG–1679.

District of Columbia Court of Appeals.

Submitted Dec. 9, 1997.

Decided Aug. 27, 1998.

Albert D. Brault, Washington, DC, entered an appearance for respondent Bell.

Richard D. Paugh, Rockville, MD, respondent pro se.

Leonard H. Becker, Bar Counsel, and Traci M. Tait, Assistant Bar Counsel, for the Office of Bar Counsel.

Before TERRY, RUIZ, and REID, Associate Judges.

TERRY, Associate Judge:

In these reciprocal disciplinary proceedings against respondents Bell and Paugh, the Board on Professional Responsibility ("the Board") recommends that this court publicly censure respondents, a sanction equivalent to the public reprimand ordered by the Mary-

---

land Court of Appeals. Bar Counsel supports the imposition of reciprocal discipline. Mr. Bell has filed a statement that he does not object to a public censure; Mr. Paugh has filed no statement and has not challenged the Board's recommendation in any respect. Neither Bell nor Paugh has filed a brief in this court. We adopt the Board's recommendation and censure both respondents.

Lawrence Bell and Richard Paugh have been members of the bar in both Maryland and the District of Columbia for more than twenty years.[1] In late 1990 or early 1991, Mr. Paugh agreed to represent Bruce S. Trulio in a personal injury case, after Trulio had been referred to him by Mr. Bell, who had previously represented Mr. Trulio in an unrelated matter. In the personal injury action, Mr. Trulio signed a standard contingent fee arrangement with Mr. Paugh which stated that Paugh would receive one-third of "whatever is recovered by way of settlement or civil judgment."

In March 1991 Mr. Trulio's case was settled for $300,000. After a dispute arose between Mr. Trulio and Mr. Paugh over the amount of Paugh's fee and expenses, the matter was referred to arbitration. While the arbitration was pending, the settlement proceeds were placed in a special escrow account, and Mr. Bell, by agreement, served as the escrow agent.

The arbitration panel ruled that Mr. Paugh was entitled to a fee of $100,000 plus reimbursement for certain litigation expenses. Accordingly, on August 14, 1991, Mr. Bell disbursed the escrowed funds, including a check payable to Mr. Paugh in the amount of $104,268.40. Almost immediately upon receiving the check, Paugh wrote another check payable to Bell in the amount of $33,333.33.

Mr. Trulio was unaware of any participation by Mr. Bell in his personal injury case and did not sign any agreement for Bell to serve as co-counsel or to receive a share of the counsel fees. Moreover, Mr. Trulio was not advised of the payment to Mr. Bell at the time it was made.

Maryland Bar Counsel charged both Bell and Paugh with violating two Maryland Rules of Professional Conduct: Rule 1.5(e), which prohibits attorneys who are not in the same firm from splitting a fee without the client's knowledge and consent, and Rule 8.1(a), which prohibits an attorney from "knowingly mak[ing] a false statement of material fact" in a disciplinary proceeding.[2] With the consent of both respondents, the Maryland Court of Appeals entered an order publicly reprimanding them. *Attorney Grievance Comm'n v. Bell,* 343 Md. 619, 683 A.2d 783 (1996).

The Board now recommends that reciprocal discipline be imposed on each respondent, and neither of them objects. There can be no doubt that the violations committed in Maryland would also be violations in the District of Columbia. *See* D.C. Rules of Professional Conduct 1.5(e) (fee splitting) and 8.1(a) (knowingly making a false statement of material fact in a disciplinary matter). In the absence of any objection, we accept the Board's recommendation. *See* D.C. Bar Rule XI, § 11(f);[3] *In re Sheridan,* 680 A.2d 439, 440 (D.C.1996); *In re Aldridge,* 664 A.2d 354, 355 (D.C.1995); *In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995). Although a public reprimand is not an available sanction in the District of Columbia disciplinary system, this court has held that a public censure is functionally equivalent to a public reprimand in another jurisdiction. *See In re Dreier,* 651 A.2d 312, 313 (D.C.1994).

---

1. Bell was first admitted to practice in Maryland in 1974, and Paugh in 1977. Each became a member of the District of Columbia Bar a few months after being admitted in Maryland.

2. In responding to the Maryland disciplinary inquiry, respondents had described the split fee as a gift.

3. Rule XI, § 11 deals with reciprocal disciplinary proceedings. Subsection (f) of section 11 states in pertinent part:

   When no opposition to the recommendation of the Board has been timely filed ... the Court will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing an opposition.

It is therefore ORDERED that respondents Lawrence L. Bell and Richard D. Paugh shall be, and each hereby is, publicly censured.