**In re R. Greg BAILEY, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–1248.**

District of Columbia Court of Appeals.

Decided Sept. 28, 2000.

Before TERRY and SCHWELB, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM.

Respondent Bailey was publicly reprimanded by the United States Court of Veterans Appeals now the United States Court of Appeals for Veterans Claims on June 11, 1998. This sanction was the result of respondent's failure to file a brief or otherwise to prosecute an appeal before that court, which resulted in dismissal of the appeal. Respondent also failed to communicate with his client and did not adequately respond to the court's inquiry about his conduct. On August 24, 1999, the Supreme Court of Missouri issued a public reprimand in a reciprocal disciplinary proceeding.[1]

After Bar Counsel filed with this court a certified copy of the Missouri disciplinary order, we referred the matter to the Board on Professional Responsibility ("the Board"). The Board concluded that respondent's conduct warrants reciprocal discipline in this jurisdiction[2] and recommends a public censure, a sanction functionally equivalent to the public reprimand issued by the Supreme Court of Missouri. *See In re Bell,* 716 A.2d 205, 206 (D.C.1998).

---

1. Respondent is also licensed to practice law in the state of Illinois. A disciplinary investigation in that jurisdiction was closed without the filing of any charges.

2. Specifically, the Board found that respondent violated Rules 1.3 (duty to represent client zealously and diligently), 1.4 (duty to communicate with client), and 8.1 (duty to respond to disciplinary authority's demand for information) of the District of Columbia Rules of Professional Conduct.

Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation. Although respondent argued against discipline before the Board, he has not filed any opposition here to the Board's report and recommendation. His failure to do so acts as a concession that reciprocal discipline is warranted. *See In re Goldsborough,* 654 A.2d 1285 (D.C.1995); D.C. Bar Rule XI, § 11(f)(1). Given our limited scope of review and the presumption in favor of identical reciprocal discipline, *see In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992), we adopt the Board's recommendation. Accordingly, it is

ORDERED that R. Greg Bailey be, and hereby is, publicly censured.