**In re David R. KING, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 02–BG–1155.**

District of Columbia Court of Appeals.

Submitted Dec. 2, 2003.
Decided Dec. 18, 2003.

Before FARRELL and GLICKMAN, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

Respondent David R. King is an inactive member of the District of Columbia Bar.[1]

---

1. Respondent has been administratively suspended for nonpayment of dues since 1987.

King is also a member of the state Bars of Idaho and Utah. He is before us now on a matter of reciprocal professional discipline.

On July 22, 2002, the Third Judicial District Court in and for Salt Lake County, State of Utah, publicly reprimanded respondent pursuant to a Discipline by Consent and Settlement Agreement. In that Agreement, King admitted that he violated Rules 1.2(a), 1.4(a), 1.4(b) and 8.4(a) of the Utah Rules of Professional Conduct by, *inter alia,* failing to abide by his client's decisions, failing to consult with his client, and failing to respond to his client's requests for information and to keep his client reasonably informed. The Utah Rules in question have their counterparts in the District of Columbia's Rules of Professional Conduct. The Board on Professional Responsibility recommends that we impose functionally equivalent reciprocal discipline in the form of a public censure by this court, pursuant to D.C. Bar R. XI, § 3(a)(3). *See In re Bell,* 716 A.2d 205, 206 (D.C.1998) ("[A] public censure is functionally equivalent to a public reprimand in another jurisdiction.").

Neither respondent nor Bar Counsel takes exception to the Board's report and recommendation. The Board's recommendation is presumptively appropriate, and we adopt it. *See In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992); D.C. Bar R. XI, § 11(f). Accordingly, it is

ORDERED that David R. King be, and hereby is, publicly censured.

*So ordered.*

