### In re Benjamin M. SOTO, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

### No. 02–BG–1022.

District of Columbia Court of Appeals.

Submitted Jan. 6, 2004.

Decided Jan. 22, 2004.

Before FARRELL, REID, and GLICKMAN, Associate Judges.

PER CURIAM:

With modifications not challenged by respondent, the Board on Professional Responsibility recommends that reciprocal discipline be imposed based upon a public reprimand that respondent received from the Court of Appeals of Maryland for the unauthorized practice of law in that state. On several occasions, respondent had signed instruments affecting title to Maryland real property while certifying to his admission to practice in Maryland, when in fact he was not a member of the Bar of that state.[1]

The Board recommends that respondent be publicly censured, because in this jurisdiction a "public censure is functionally equivalent to a public reprimand in another jurisdiction." *In re Bell,* 716 A.2d 205, 206 (D.C.1998). The Board recommends, however, an additional modification of the Maryland discipline because D.C. Bar Rule XI makes no provision for discipline that is not public. Although the Maryland order of a public reprimand was, as respondent was informed, "a formal disciplinary sanction" by the Court of Appeals "subject to public disclosure," the order specified that it was not to be published in the Maryland Reports, the Maryland Reporter, or the

---

1. Rule 5.5(a) of the Maryland Rules of Professional Conduct, which is identical in terms to Rule 5.5(a) of the District of Columbia Rules of Professional Conduct, states: "A lawyer shall not: (a) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction."

Atlantic Reporter, Second Series. In this reciprocal proceeding, the Board has recognized that no such limitation on public disclosure of a sanction is permitted by the rules governing the District of Columbia Bar. Rule XI, § 17 of those rules, as we stated in *In re Dunietz*, 687 A.2d 206, 211 (D.C.1996),

> reflects a judgment by the court in favor of general openness of disciplinary proceedings, *and of public disclosure of the sanction imposed* .... Protection of the public and promoting confidence in the disciplinary system counsels against confidential discipline except to the limited extent provided in ... section 17(a). [Emphasis added.] [2]

The question suggests itself, therefore, whether a public censure of respondent *without limitation on disclosure of the sanction* would, indeed, be reciprocal discipline or instead would amount to imposing "substantially different discipline in the District of Columbia." D.C. Bar R. XI, § 11(c)(4). Respondent, however, has not raised that issue; indeed, he has not challenged the Board's recommendation at all. We accordingly will not consider the point, given the rule of near-"automatic" approval of recommended reciprocal discipline which we follow when the recommendation is uncontested. *In re Childress*, 811 A.2d 805, 807 (D.C.2002). *See also In re Cole*, 809 A.2d 1226, 1227 n. 3 (D.C.2002); *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998); *In re Goldsborough*, 654 A.2d 1285, 1288 (D.C. 1995).

We therefore accept the Board's recommendation. Respondent is hereby censured publicly based on the determination of the Court of Appeals of Maryland that he engaged in the unauthorized practice of law in that state.

*So ordered.*

---

2. Rule XI, § 17(a) provides for confidentiality of disciplinary proceedings until either a formal petition for discipline has been filed or an informal admonition has been issued. As the Board further noted in this case, Rule 17(d) goes on to establish procedures for sealing portions of a record by way of a protective order, something respondent did not request.