**In re Michael R. SCINTO, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 05–BG–430.**

District of Columbia Court of Appeals.

Decided April 13, 2006.

Before FARRELL and FISHER, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

In this disciplinary proceeding against respondent Michael R. Scinto,[1] the Board

---

1. Respondent was admitted to the D.C. Bar on August 5, 1994, but has been an inactive member since July 3, 2000, and has no disciplinary history in this jurisdiction.

on Professional Responsibility ("Board") has recommended to this court that a reciprocal, but not identical, sanction be imposed in the form of a public censure. No exceptions to the Board's Report and Recommendation have been filed.

On September 9, 2004, the Supreme Court of New Jersey reprimanded respondent for disciplinary violations in which he stipulated to violating New Jersey Rule of Professional Conduct 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation).[2] *In re Michael R. Scinto*, 181 N.J. 295, 856 A.2d 25 (2004). The sanction arose from respondent's filing of false statements with the Hoboken Rent Control Office in order to obtain illegal rents. On November 4, 2004, respondent, through counsel, reported the New Jersey discipline to Bar Counsel pursuant to D.C. Bar R. XI, § 11(b). On May 6, 2005, Bar Counsel reported the New Jersey discipline to this court. On June 1, 2005, this court issued an order directing 1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days, 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed, and 3) the Board either to recommend discipline or proceed *de novo*. Bar Counsel recommended the functionally equivalent reciprocal discipline of a public censure. On July 13, 2005, respondent filed a statement concurring in Bar Counsel's recommendation.

 In its report and recommendation, the Board found that the record supported the imposition of reciprocal discipline. In cases like this, where neither Bar Counsel nor the respondent opposes reciprocal discipline, "the most the Board should consider itself obliged to do . . . is to review the foreign proceeding sufficient-

ly to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself." *In re Childress*, 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998)). Here, there was no miscarriage of justice in the New Jersey proceedings as the record reveals that respondent was not denied due process and respondent was represented by counsel when he stipulated to the misconduct and discipline. Moreover, this court has held that censure in the District of Columbia is the functional equivalent of a reprimand by the Supreme Court of New Jersey. *See, e.g., In re Dreier*, 651 A.2d 312 (D.C.1994). *See also In re Miller*, 883 A.2d 105 (D.C.2005) (involving public reprimand in Maryland); *In re Bell*, 716 A.2d 205, 206 (D.C.1998) (involving public reprimand in Maryland).

Since no exception has been taken to the Board's report and recommendation, the court gives it heightened deference. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them, and adopt its recommended sanction. Accordingly, it is

ORDERED that Michael R. Scinto be, and hereby is, publicly censured.

*So ordered.*

---

2. New Jersey Rule of Professional Conduct 8.4(c) is virtually identical to the District of Columbia counterpart.