**In re Charles F. DAUM, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 952481).**

**No. 06–BG–414.**

District of Columbia Court of Appeals.

March 1, 2007.

---

Before RUIZ and REID, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

In this disciplinary proceeding against respondent Charles F. Daum,[1] the Board on Professional Responsibility ("Board") has recommended to this court that a reciprocal and functionally identical sanction be imposed in the form of a public censure. No exceptions to the Board's Report and Recommendation have been filed.

On November 8, 2005, the Circuit Court for Arlington County reprimanded respondent in accord with an Agreed Disposition endorsed by respondent and the Virginia Bar Counsel in which respondent acknowledged violating Virginia Rules of Professional Conduct 1.15(a)(2) and (c)(3)-(4) (safekeeping property), 1.15(f) (requiring escrow reconciliations), 1.16(d) (declining or terminating representation), and 1.16(e)

(delivery of former client's file). *Virginia State Bar, ex rel. Fourth District—Section I Committee v. Daum,* Chancery No. 05–389, November 8, 2005. On April 27, 2006, Bar Counsel reported the discipline imposed by the Circuit Court for Arlington County. On May 15, 2006, this court issued an order directing: 1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days, 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed, and 3) the Board either to recommend reciprocal discipline or to proceed de novo. Thereafter, Bar Counsel filed a statement recommending the functionally equivalent reciprocal discipline of a public censure subject to the terms and conditions imposed by the Circuit Court for Arlington County.[2] Respondent has neither filed a response nor participated in this proceeding.

In its report and recommendation, the Board found that the record supported the imposition of reciprocal discipline. In cases like this, where neither Bar Counsel nor the respondent opposes reciprocal discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress,* 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann,* 711 A.2d 1262, 1265 (D.C.1998)). Here, there was no miscarriage of justice in the Arlington County proceedings as the record reveals that respondent was not denied due pro-

---

1. Respondent was admitted to the D.C. Bar on June 23, 1978. His disciplinary history includes this court's issuance of a public censure in a reciprocal matter in which he appeared as counsel without being admitted *pro hac vice* and without associating with local counsel (*In re Daum,* 635 A.2d 933 (D.C.

1994)), and Bar Counsel's issuance of an informal admonition on February 24, 2004, for violating D.C. Rule of Professional Responsibility 1.6.

2. Bar Counsel has since submitted that respondent has complied with those terms.

cess and participated in the proceedings by entering the Agreed Disposition. Further, this court has held that censure in the District of Columbia is the functional equivalent of a reprimand by courts in other jurisdictions. *See, e.g., In re Bell,* 716 A.2d 205, 206 (D.C.1998) (involving a public reprimand in Maryland); *In re Dreier,* 651 A.2d 312 (D.C.1994) (involving a public reprimand in New Jersey). Additionally, the report noted that respondent's violations of the Virginia Rules are substantially similar to the counterparts in the D.C. Rules of Professional Responsibility.[3]

Since no exception has been taken to the Board's report and recommendation, the court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 11(f). As we find support in the record for the Board's findings, we accept them, and adopt the sanction the Board recommended. Accordingly, it is

ORDERED that Charles F. Daum be, and hereby is, publicly censured.

*So ordered.*

---

3. The report also noted that the D.C. Rules of Professional Responsibility do not include a requirement of reconciling escrow accounts similar to Virginia Rule 1.15(f); however, the report noted that reciprocal discipline is still appropriate. *In re Youmans,* 588 A.2d 718, 719 (D.C.1991).